IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ANTHONY QUENTIN KELLY                  *

v.                                     *     CIVIL ACTION NO. RDB-16-3536

WARDEN FRANK B. BISHOP, JR.            *
                                    *****

## MEMORANDUM OPINION

On October 24, 2016, the Court received for filing the above-captioned "Emergency Injunction" filed by Anthony Kelly, a prisoner housed at the North Branch Correctional Institution ("NBCI"). Kelly seeks court order to compel the NBCI Warden to permit Case Management Specialist Lease to notarize and photocopy his legal documents.[1] He claims that Warden Bishop will not allow Lease to notarize his legal documents (proof of service and affidavit or declaration in support of indigency motion to be filed in the district and circuit courts) because of his lawsuits pending in this Court and the United States Court of Appeals for the Fourth Circuit. ECF No. 1. Kelly's Motion for Leave to Proceed In Forma Pauperis shall be granted. His Complaint, however, shall be summarily dismissed.

To the extent that Kelly's complaint for injunctive relief may be construed as a civil rights action, filed pursuant to 42 U.S.C. § 1983, his complaint shall be dismissed. Prisoners are entitled to "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Bounds v. Smith*, 430 U.S. 817, 825 (1977); *see also Hudspeth v. Figgins*, 584 F.2d

---

[1]     On September 26, 2016, Kelly filed a lawsuit for damages, alleging that Case Management Specialist Shayla Lease refused to notarize his legal documents to be sent to the Supreme Court in retaliation for his filing federal lawsuits against Division of Correction employees. The case is proceeding for a response. *See Kelly v. Lease, et al.*, Civil Action No. RDB-16-3294 (D.

1345, 1347 (4th Cir. 1978). In 1996, the Supreme Court clarified the *Bounds* decision by finding that a deprivation of an inmate's right of access to the courts is actionable, but only when the inmate is able to demonstrate actual injury from such deprivation. *See Lewis v. Casey*, 518 U.S. 343, 349 (1996). According to the *Lewis* opinion, the Constitution does not guarantee inmates the ability to litigate every imaginable claim they can perceive, only that they be given the tools necessary "in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement." *Id.* at 355.

Kelly has failed to set out a colorable access-to-courts claim. He does not indicate why and/or how his inability to obtain copy work or notarized legal documents, such as proof of service and indigency applications, prevents him from filing cases in the district or circuit courts. *See Tapp v. Proto, et al.*, 404 Fed. Appx' 563, 566 (3d Cir. 2010) (failure to show actual injury associated with alleged refusal to notarize documents). Indeed, Kelly has filed a number of self-represented cases in this Court with unnotarized documents. The matters were accepted for filing and allowed to proceed. Further, Kelly's appeals have been filed in the Fourth Circuit without notarized documents. Kelly has failed to allege how his alleged inability to obtain notarized documents or photocopies has caused him actual injury. Given these circumstances, the court finds that he has failed to state a First Amendment access-to-courts claim. Injunctive relief shall be denied and the Complaint shall be dismissed.

Insofar as Kelly seeks injunctive relief to compel action on the part of the Warden, his cause action may be alternately construed as a Petition for Mandamus relief. This remedy is only used in extraordinary circumstances. *See Kerr v. United States Dist. Court,* 426 U.S. 394, 402 (1976); *In re*

Md.). 2

*Beard,* 811 F.2d 818, 826 (4th Cir. 1987). Title 28 U.S.C. § 1361 confers original jurisdiction on the United States District Courts "of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Thus, a federal court may only issue a writ of mandamus against an employee or official of the United States and, even then, may only command that employee or official "to perform a mandatory or ministerial duty, rather than one that is purely discretionary." *Ocean Breeze Festival Park v. Reich,* 853 F.Supp. 906, 915 (E.D. Va. 1994), *affirmed by Virginia Beach Policeman's Benevolent Association v. Reich,* 96 F.3d 1440 (4th Cir. 1996). A federal court does not have jurisdiction over state entities or employees in an action for writ of mandamus. *See Gurley v. Superior Court of Mecklenburg County,* 411 F.2d 586, 587 (4th Cir. 1969); *see also AT & T Wireless PCS v. Winston-Salem Zoning Bd. of Adjustment,* 172 F.3d 307, 312 n. 3 (4th Cir. 1999). Consequently, this Court has no authority to provide the relief sought by Kelly. A separate Order follows dismissing the cause of action.

Date: November 3, 2016

RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE

3